**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | : |
|  | : CHAPTER 11 |
| HALLMARK WOODWORKERS, INC. | : |
|  | : CASE NO. 11-50395 (AHWS) |
| Debtor. | : |

**DEBTOR'S APPLICATION TO EMPLOY**
**NEUBERT, PEPE & MONTEITH, P.C. AS COUNSEL**

Pursuant to 11 U.S.C. Section 1107 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, the debtor, Hallmark Woodworkers, Inc. (the "Debtor"), hereby applies for an order authorizing the employment of the law firm of Neubert, Pepe & Monteith, P.C. ("NPM") as counsel to the Debtor. In support of this application, the Debtor respectfully represents as follows:

**BACKGROUND**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

2. On March 3, 2011, a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") was filed by the Debtor.

3. The Debtor continues in possession of its property and operates its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

**RELIEF REQUESTED**

4. Pursuant to Section 327(a) of the Bankruptcy Code, the Debtor desires to employ and retain NPM as counsel under a general retainer.

5. NPM maintains its offices in New Haven, Connecticut, with additional offices in Fairfield and Shelton, Connecticut. NPM was founded in 1993 and has a widely diversified general and corporate practice. The firm currently employs 25 lawyers, who are assisted by six paralegals.

6. The Debtor selected NPM as its counsel because of NPM's expertise in financial reorganizations, bankruptcy, corporate, and litigation matters. NPM is well suited for the type of representation required by the Debtor. NPM has substantial resources and expertise in the areas of the law that may arise in this case, including bankruptcy, finance, real estate, tax, and litigation.

7. The Debtor contemplates that NPM will render general legal services to the Debtor as needed throughout the course of its Chapter 11 case, including the following:

    a. Advising the Debtor of its rights, powers, and duties as a debtor and debtor-in-possession continuing to operate and manage its business and property;

    b. Advising the Debtor concerning, and assisting in the negotiation and documentation of, financing agreements, debt restructuring, and related transactions;

    c. Reviewing the nature and validity of any liens asserted against the property of the Debtor, and advising the Debtor concerning the enforceability of such liens;

    d. Advising the Debtor concerning the actions that these might take to collect and to recover property for the benefit of the Debtor's estate;

    e. Preparing on the Debtor's behalf necessary and appropriate applications, motions, pleadings, draft orders, notices, and other documents, and reviewing all financial and other reports to be filed in this Chapter 11 case;

    f. Advising the Debtor concerning, and preparing responses to, applications, motions, pleadings, notices, and other papers which may be filed and served in this Chapter 11 case;

    g. Counseling the Debtor in connection with the formulation, negotiation, and prosecution of a plan of reorganization and related documents; and

      h.      Performing all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of this Chapter 11 case.

8.      Subject to the Court's approval, NPM will charge the Debtor for legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature. NPM will also bill for out-of-pocket expenses made on behalf of the Debtor, including copy charges, travel expenses, long distance telephone charges, and computerized research charges.

9.      NPM intends to apply to this court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Court's Local Rules.

10.      NPM has received a retainer in the amount of $15,000 from the Debtor, to be applied toward services rendered by NPM on the Debtor's behalf.

11.      To best of the Debtor's knowledge, information, and belief, NPM has no connection with the Debtor, its creditors, or any other party in interest.

12.      To the best of the Debtor's knowledge, information, and belief, NPM represents no interest adverse to the Debtor or to its estate in the matters for which it is proposed to be retained.

13.      The Debtor submits that the employment of NPM would be in the best interests of the Debtor, its estate, and creditors. An affidavit executed on behalf of NPM in accordance with the provisions of Section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedures, and Local Rule of Bankruptcy Procedure 2014-1, is attached hereto as Exhibit A and is incorporated herein by reference.

3

**WHEREFORE**, the Debtor seeks an Order authorizing the employment of Neubert, Pepe & Monteith, P.C. as its counsel for the reasons set forth above, and for such other and further relief as may be just and proper.

Dated: New Haven, Connecticut                HALLMARK WOODWORKERS, INC.
      March 3, 2011

                                      By: /s/John Griffin
                                          Name: John Griffin
                                          Title: President